# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARC DESTRO, | : | No. 3:18cv2374 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| TSAROUHIS LAW GROUP, LLC, and | : | |
| DEMETRIOUS H. TSAROUHIS, | : | |
|     Defendants | : | |

## **MEMORANDUM**

Before the court for disposition is a motion to dismiss plaintiff's complaint filed by Defendants Tsarouhis Law Group, LLC, and Demetrious H. Tsarouhis in this Fair Debt Collection Practices Act violation case. The parties have briefed the pending motion, and it is ripe for disposition.

## Background

In 2016, Plaintiff Marc Destro borrowed $1,953.95 from Mariner Finance, LLC, (hereinafter "Mariner"), a consumer loan provider. (Doc. 1, Compl. ¶ 13). After some time, the plaintiff became unable to make payments and ultimately defaulted on the loan. (Id. ¶ 16). Mariner retained Tsarouhis Law Group, LLC, (hereinafter "Law Group"), a practice owned solely by Demetrious H. Tsarouhis, (hereinafter "Tsarhouis"), to collect on the loan. (Id. ¶¶ 11, 17).

On December 13, 2017, the Law Group filed a collection action in the Court of Common Pleas of Lackawanna County, Pennsylvania, against the plaintiff

asserting a claim for breach of contract with an alternate claim for unjust enrichment. (Id. ¶¶ 19, 22). The ad damnum clause for the breach of contract claim sought a total of $2,395.83, which was broken down as $1,644.57 in unpaid principal, $1.26 in interest, and $750.00 in attorney's fees. (Id. ¶ 23). The ad damnum clause for the alternative unjust enrichment claim sought only the unpaid principal and interest for a total of $1,645.83. (Id. ¶ 24).

On March 7, 2018, the plaintiff, represented by Attorneys Carlo Sabitini and Brett Freeman, sent Tsarouhis an email advising Tsarouhis that the contract for the loan the Law Group was collecting on contained an arbitration provision. (Id. ¶ 32). The plaintiff notified Tsarouhis that he was electing to have the dispute resolved in arbitration. (Id.) The email further demanded that the collection action be withdrawn from the Court of Common Pleas and refiled with the appropriate arbitration forum. (Id. ¶ 33). Tsarouhis did not respond to the email. (Id. ¶ 35). Plaintiff followed up with a subsequent email and written letter to Tsarouhis on March 26, 2018. (Id. ¶ 36). Once again, neither Tsarouhis nor the Law Group responded to the plaintiff's communications. (Id. ¶ 41).

At that point, the plaintiff responded to the defendants' complaint, generally denying the allegations on the basis that the arbitration agreement should be upheld. (Id. ¶ 42). The plaintiff indicated that if the collection action was not withdrawn, the he would file a motion to compel arbitration or other appropriate

2

motion. (Id.)  The plaintiff again attempted to contact Tsarouhis, but received no response. (Id. ¶ 45).  The defendants did not withdraw the collection action against the plaintiff. (Id. ¶ 50).

On September 11, 2018, the plaintiff filed a petition to compel arbitration and obtained an order from the court requiring Mariner to show cause as to why the petition should not be granted. (Id. ¶ 51).  At the October 10, 2018, hearing on the matter, no representative from Mariner nor the Law Group attended. (Id. ¶¶ 52, 53).  The court granted the plaintiff's petition to compel arbitration and dismissed the collection action. (Id. ¶ 54).

On December 13, 2018, the plaintiff filed a complaint in the Middle District of Pennsylvania against the Law Group and Tsarouhis alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (Doc. 1). Specifically, the plaintiff alleges that the defendants' deceptive and unfair refusal to arbitrate the collection action violates the Act. The plaintiff further alleges that the $750.00 demand for attorney's fees also violates the Act.  On January 8, 2019, the defendants filed the instant motion to dismiss for failure to state a claim. The plaintiff responded on January 22, 2019, bringing this case to its present posture.

**Jurisdiction**

Because this case alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

The defendants filed their motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, " 'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.' " Colburn v. Upper Darby Twp., 838 F.2d 663, 665–66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe " 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234–35. In evaluating the sufficiency of a

4

complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay–Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim establishing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).

**Discussion**

As noted above, the plaintiff brings suit pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which Congress enacted to address "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (emphasis added).  To eliminate abusive practices against consumers, the FDCPA prohibits certain actions by debt collectors.  If a debt collector fails to comply with the FDCPA, the consumer may bring a civil action and obtain any actual damages that person has sustained and such additional damages as allowed by the court, but not exceeding $1,000. 15 U.S.C. § 1692k.

The defendants move to dismiss plaintiff's complaint on the grounds that their actions do not amount to violations of the FDCPA.  As it relates to Count I, the defendants contend that they deliberately did not oppose the motion to compel arbitration filed by the plaintiff in the underlying collection action complaint, thus the plaintiff's argument that they violated the FDCPA by refusing to comply with the arbitration agreement is meritless.  The defendants also argue that the demand for attorney's fees in the underlying collection action complaint does not violate the FDCPA as alleged in Count II because the agreement containing the debt did not expressly limit the recovery of attorney's fees to only those fees actually incurred.  We will review these issues in turn.[1]

---

[1] The defendants also argue that they did not violate the FDCPA by filing the underlying collection action in the Court of Common Pleas of Lackawanna County as opposed to before a Pennsylvania Magisterial District Justice. The plaintiff has clarified that he agrees that the defendants' filing of the action in the

6

## I. Count I

We first look at whether the plaintiff has stated a claim for a violation of the FDCPA on the grounds that the defendants improperly prolonged the collection action litigation against the plaintiff. Specifically, the plaintiff alleges that the defendants required the plaintiff to file a motion to compel arbitration after receiving no response from the defendants and then required him to attend an unnecessary, and ultimately uncontested, hearing on the motion. The defendants argue that this conduct alleged does not amount to a violation of the FDCPA. We disagree.

The FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1962(f). The section lists eight instances of conduct found to be unfair or unconscionable and, therefore, in violation of the FDCPA. Id. The opening paragraph of § 1692(f), however, serves as a catch-all that broadly prohibits unfair or unconscionable means to collect or attempt to collect a debt. Id. Here, the plaintiff alleges that he attempted to contact the defendants several times regarding his election to proceed with arbitration, but was ignored each time, forcing him to attend and prepare for a hearing that was expected to be contested. (Doc. 1, Compl. ¶ 54).

---

Court of Common Pleas did not violate the FDCPA. (Doc. 6, Pl.'s Br. in Opp'n. at 3).

7

At this early stage, we find that such allegations are enough to state a claim under this broad provision of unfair or unconscionable debt collection. See, e.g., Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 138 (2nd Cir. 2017) (holding that "a debt collector engages in unfair or unconscionable litigation in violation of section 1692f when . . . it in bad faith unduly prolongs legal proceedings or requires a consumer to appear at unnecessary hearings.") As such, the defendants' motion to dismiss Count I will be denied.

## II. Count II

We next look at whether the plaintiff has stated a claim for a violation of the FDCPA on the grounds that the defendants sought to collect $750.00 for attorney's fees in the underlying collection action. The plaintiff alleges that although his contract with the creditor required him to pay the creditor's attorney's fees, he never agreed to pay them a liquidated amount of $750.00. Furthermore, the plaintiff alleges that at the time the state court collection action was filed, such a fee had not been reasonably incurred. Thus, plaintiff claims that it is a violation of the FDCPA to demand an attorney's fee in a sum certain where the consumer has not agreed to pay that amount. The defendants move to dismiss this claim on the grounds that this is not a recognizable FDCPA violation claim. After careful consideration, we disagree with the defendants.

The plaintiff acknowledges that the contract between the plaintiff and the creditor states that: "[i]f we place this note in the hands of an attorney, not our salaried employee, for collection, you agree to pay our attorney fees." (Doc. 1, Exh. A). The plaintiff contends that the phrase "our attorney fees" refers to the fees that the creditor actually owes or has paid to the defendants. The plaintiff alleges that the defendants did not charge these fees to the creditor, and that the defendants did not spend $750.00 in time on the collection matter when they filed the law suit. The defendants do not address the specific factual allegations made by the plaintiff but contest the plaintiff's reading of the contract language and argue that the language does not specify that attorney's fees would be assessed for only attorney's fees already incurred or served.

At this stage in the litigation, as we note above, we must view the allegations as true and in the light most favorable to the plaintiff to determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. Furthermore, the Third Circuit instructs that we are to analyze communications between debt collectors and debtor "from the perspective of the least sophisticated debtor." See McLaughlin v. Phelan Hallinan & Schmig, LLP, 756 F.3d 240, 246 (3d Cir. 2014) (citing Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). The plaintiff alleges that the defendants did not charge $750.00 to the creditor nor did they spend $750.00 in time on the collection

9

matter when they filed the lawsuit. (Doc. 1, Compl. ¶ 58). We find that that such allegations are enough to state a claim for violation of the FDCPA. The defendants' motion to dismiss Count II will be denied.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss (Doc. 5) will be denied. An appropriate order follows.

**BY THE COURT:**

**Date: March 25, 2019**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Judge**